William KONOPATZKI, Plaintiff,

v.

Lou McKENNA, County Auditor and Principal Officer in Charge of Elections of Ramsey County, Minnesota, and the State of Minnesota, Defendants.

No. 3-74-Civil-196.

United States District Court,
D. Minnesota,
Third Division.

Aug. 19, 1974.

John M. Sands, St. Paul, Minn., for plaintiff.

Thomas H. Jensen, Special Asst. Atty. Gen., St. Paul, Minn., for defendant.

DEVITT, Chief Judge.

The immediate issue in this election law dispute is whether the Court should restrain Ramsey County Auditor McKenna from omitting plaintiff's name from the DFL ballot for state senator in District 64 at the September 10, 1974 primary election.

The Minnesota Supreme Court, by order dated August 9, 1974, directed McKenna not to place plaintiff's name on the ballot. Plaintiff claims that order, based on the decision of Hennepin County District Judge Bruce C. Stone, the referee who heard the matter, renders the pertinent election statute, M.S.A. 202.04, Subd. 1, (K), unconstitutional and asks the court to assume jurisdiction under 28 U.S.C. § 2281 and 42 U.S.C. § 1971 and find the statute invalid.

Argument was heard on August 14, 1974 and briefs have been lodged. Fiori Palarine, also a candidate for the senatorial nomination, has lodged a brief. The state court records have been made available to the court. Immediate decision on the injunction issue is required because the county auditor is required to cause ballots to be printed by August 20, 1974.

It is highly unlikely that plaintiff would prevail on the merits. The controversy is essentially a state issue and it was fully presented to Judge Stone who made detailed Findings of Fact and Conclusions of Law. The Minnesota Supreme Court found Judge Stone's decision to be "in conformity with the evidence and the law." Judge Stone reached a permissible decision on the record presented to him. Another fact finder could have reached a contrary decision. But I see no substantial federal constitutional issue involved which would justify the issuance of a restraining order to, in effect, nullify the decision of the Minnesota courts.

Federal trial courts do not have appellate jurisdiction over state court decisions. State supreme court decisions, if in error, must be corrected by that body, prompted by a petition for rehearing, or by the United States Supreme Court. There is no statutory authority for lower federal courts to correct errors of state tribunals. Principles of comity so dictate in our federal-state system of government.

Plaintiff's motion to restrain enforcement of the Minnesota Supreme Court's order is

Denied.